UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Independent School District No. 720,<br><br>Plaintiff,<br><br>v.<br><br>C.L., by and through his parents and legal guardians, B.L. and E.L.,<br><br>Defendant. | Case No. 18-cv-00936 (SRN/DTS)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Peter A. Martin, Knutson, Flynn & Deans, PA, 1155 Centre Pointe Drive, Suite 10, Mendota Heights, Minnesota 55120, for Plaintiff.

Amy J. Goetz and Andrea L. Jepsen, School Law Center, LLC, 452 Selby Avenue, Second Floor E, Saint Paul, Minnesota 55102, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the Motion for Temporary Restraining Order and Preliminary Injunction Staying Enforcement of Administrative Decision [Doc. No. 5] ("Preliminary Injunction Motion") by Plaintiff Independent School District No. 720 ("the District"). The District asks the Court to stay the decision of Administrative Law Judge ("ALJ") Jim Mortenson, which dismissed with prejudice the District's due process complaint under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), and compelled it to provide Defendant C.L. ("Student") with an independent educational evaluation at public expense. For the reasons stated below, the District's motion is denied.

## I. BACKGROUND

Defendant C.L.—whose interests are represented here by his parents and legal guardians B.L. and E.L. ("Parents")—is a 15-year-old child with a disability. (Compl. [Doc. No. 1], Ex. 2 [Doc. No. 1-1] (Summary Disposition Order[1], at 2).) Since June 2016, C.L. has been placed in a Setting IV special education program contracted by the District. (*Id.* at 3.) In the spring of 2017, the District proposed to conduct a reevaluation of C.L.'s educational needs, as two and a half years had passed since his last evaluation. (*Id.* at 4.) C.L.'s mother consented to the reevaluation on April 22, 2017. (*Id.*)

Less than a week later, C.L. became agitated at school and repeatedly banged his head against a wall at school. (*Id.*) After learning of this incident and C.L.'s subsequent trip to the hospital, C.L.'s mother requested an independent educational evaluation ("IEE") at public expense. (*Id.* at 5.) The parties disagreed as to whether the District had a right to complete the reevaluation before an obligation could arise to pay for an IEE. (*Id.* at 6, 9.) ALJ Eric L. Lipman issued a decision finding that the District could not be compelled to pay for an IEE until it had completed the previously-proposed reevaluation. (*Id.* at 9-11.)

The reevaluation was completed on October 24, 2017. (Compl., Ex. 1 [Doc. No. 1-1] (Order of Dismissal, at 2).) Several months passed, and in February 2018 Parents again requested an IEE at public expense, claiming that the reevaluation was inadequate to meet C.L.'s needs. (*Id.*) Parents allege that they made this request orally at a February 2 meeting of C.L.'s independent education plan team. (Mem. Opposing Mot. for TRO and Prelim. Inj.

---

[1] The Court draws some background facts from an earlier administrative decision granting summary disposition to the District on a different matter, which is not before the Court for review. (*See* Compl., Ex. 2 (Summary Disposition Order).)

[Doc. No. 16] ("Defs.' Mem."), at 11.)  The District claims that Parents did not renew the request for an IEE until February 20.  (Mem. of Law in Supp. of Mot. for TRO and Prelim. Inj. Staying Enforcement of Administrative Decision [Doc. No. 7] ("Pl.'s Mem."), at 7.)  On February 28, the District emailed Parents' counsel, stating, "The School District believes there is no merit whatsoever to the IEE request.  Unless the request is promptly withdrawn, we intend to initiate due process proceedings."  (Decl. of Peter A. Martin [Doc. No. 8] ("Martin Decl."), Ex. 2 [Doc. No. 8-1] (2/28/18 Email, at 3).)  On March 16 or March 19, 2018,[2] the District filed a due process hearing complaint to contest the appropriateness of an IEE at public expense, under 34 C.F.R. § 300.502(b)(2)(i).  (Compl., Ex. 1 (Order of Dismissal, at 3); Pl.'s Mem., at 8.)

On March 20, Parents submitted a filing entitled "Complaint and Request for Hearing III," which the ALJ considered to be a response to the District's due process hearing complaint.  (Martin Decl., Sealed Ex. 6 (Parents' Complaint and Request for Hearing, at 1, 3); Compl., Ex. 1 (Order of Dismissal, at 3).)  This was a four-page letter that Parents' counsel also emailed to the District's counsel, stating in the email, "Attached is our Complaint and Request for Hearing III, also requesting consolidation of cases with the District's Hearing II, and constituting as well our response to that complaint."  (Aff. of Amy J. Goetz [Doc. No. 18] ("Goetz Aff."), Sealed Ex. D [Doc. No. 22] (3/20/18 Email).)  Parents' "Complaint and Request for Hearing III" raised two issues for hearing: (1) "Whether the Districts have provided [C.L.] with adequate identification of his

---

[2]  The District asserts that it filed its request for a due process hearing on March 16, 2018, but that "[f]or unknown reasons, the Department logged the hearing request as being received on March 19."  (Pl.'s Mem., at 8.)

3

disabilities and educational needs," and (2) "Whether the Districts have provided [C.L.] with a free appropriate public education." (Martin Decl., Sealed Ex. 6 (Parents' Complaint and Request for Hearing, at 1, 3).) The ALJ denied Parents' request to consolidate the two hearing requests "because the issues in the two complaints were distinct and different timelines applied." (Compl., Ex. 1 (Order of Dismissal, at 4).)

The ALJ held a prehearing conference and attempted to schedule a due process hearing within the 45-day window prescribed by 34 C.F.R. § 300.515. (*Id.* at 3.) The District's counsel had previously-scheduled matters conflicting with several of the ALJ's proposed hearing dates. (*See* Pl.'s Mem., at 8-9; Tr. [Doc. No. 30], at 4-5.) Aware that the District and its counsel had another due process hearing scheduled for April 17-19, 2018, and to accommodate District counsel's vacation schedule, the ALJ scheduled the due process hearing to take place on April 16 and April 20, 2018. (Compl., Ex. 1 (Order of Dismissal, at 3).)

The District requested an extension of the 45-day timeline. (*Id.*; *see* 34 C.F.R. § 300.515(c).) The ALJ found that the District did not have good cause for an extension. The ALJ noted that the District was aware of the 45-day timeline when it filed the due process complaint, that the District's counsel had a duty to manage his workload so that he could represent his clients competently, and that the hearing "will not be held on the same dates as the School District's other due process hearing so as to permit both hearings to occur timely." (Martin Decl, Ex. 4 [Doc. No. 8-1] (Second Prehearing Order, at 2-3).) The ALJ denied the requested extension. (*Id.*)

4

The District attempted to find other counsel who could step in to litigate the due process hearing as scheduled, but was unsuccessful. (Compl, Ex. 3 [Doc. No. 1-1] (3/26/18 Letter to ALJ).) Stating that the schedule "essentially requires the School District and its legal counsel to prepare for, and litigate, two due process hearings simultaneously, something that realistically cannot be done without substantial prejudice to the School District," the District filed a Notice of Voluntary Dismissal. (*Id.*) The District cited Minnesota Rule of Civil Procedure 41.01(a),[3] which permits a plaintiff to voluntarily dismiss an action without prejudice "at any time before service by the adverse party of an answer or of a motion for summary judgment." The District stated that it intended to refile the due process complaint at a later date. (Compl., Ex. 4 (3/26/18 Letter to ALJ).)

After hearing the parties' arguments in a conference call, the ALJ held that the District did not have the right to voluntary dismissal of the due process complaint under Minnesota Rule of Civil Procedure 41.01(a) because Parents had filed a responsive pleading. (Compl., Ex. 1 (Order of Dismissal, at 4-5).) Finding Rule 41.01(a) inapplicable, the ALJ construed the District's Notice of Voluntary Dismissal as a request for voluntary dismissal under Rule 41.01(b), which permits a "dismissal at the plaintiff's instance . . . upon order of the court and upon such terms and conditions as the court deems proper." The ALJ made the following findings:

> The Administrative Law Judge previously determined the unavailability of counsel does not constitute good cause for an extension of the 45-day

---

[3] Neither party disputes that the Minnesota Rules of Civil Procedure properly apply to this motion. *See* Minn. R. 1400.6600 (instructing ALJs that, when the regulations are silent, the ALJ should apply the Minnesota Rules of Civil Procedure "to the extent that it is determined appropriate in order to promote a fair and expeditious proceeding").

>  timeline. That result is not altered by the School District's attempt to withdraw its complaint without prejudice when Parents are waiting for a response to their request for an IEE at public expense. The School District was aware of the 45-day timeline when it filed its due process hearing request. The School District could have filed its complaint sooner to avoid the scheduling issues and to avoid Parents' challenge to the timeliness of the complaint.
>
>  The School District voluntarily withdrew its due process hearing complaint and so, of its own accord, is attempting to cause unnecessary delay in either proceeding to hearing or in providing the IEE at public expense. Since the School District cannot be required to proceed to hearing, the School District must provide the Parents with an IEE at public expense, in accordance with 34 C.F.R. § 300.502(b).

(Compl., Ex. 1 (Order of Dismissal, at 5-6).) The ALJ granted the District's request to dismiss the complaint, but dismissed it with prejudice. (*Id.* at 6.)

The District filed an appeal in this Court as permitted by 20 U.S.C. § 1415(i)(2)(A). (Compl.) The District argues that the ALJ erred in denying its request for an extension of the 45-day timeline, in holding that the District's complaint was ineligible for voluntary dismissal under Minn. R. Civ. P. 41.01(a), and in dismissing the complaint with prejudice. (*Id.*) The District then filed its Preliminary Injunction Motion, asking the Court to stay enforcement of the ALJ's decision during the appeal.

## II. DISCUSSION

### A. Applicable Law

#### 1. The IDEA

Subject to some conditions, the IDEA affords a parent "the right to an independent educational evaluation at public expense if the parent disagrees with an evaluation obtained by the public agency." 34 C.F.R. § 300.502(b)(1). When a parent makes a request for an

IEE at public expense, "the public agency must, without unnecessary delay, either . . . [f]ile a due process complaint to request a hearing to show that its evaluation is appropriate; or . . . [e]nsure that an independent educational evaluation is provided at public expense." *Id.* § 300.502(b)(2). If the public agency files a due process complaint, then regulations instruct that it should be resolved within a 45-day timeline. *See* 34 C.F.R. § 300.515. Upon request, the hearing officer for the due process hearing may grant an extension of that timeline. *Id.* § 300.515(c).

### 2. Preliminary Injunction and Stay of Enforcement

The District has moved for a preliminary injunction staying enforcement of the ALJ's decision until the appeal before this Court is resolved. A court may "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" during the pendency of an appeal. Fed. R. Civ. P. 62(c). In exercising its discretion whether to grant such a stay, this Court considers the following relevant factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The Eighth Circuit applies this same standard. *Reserve Mining Co. v. United States*, 498 F.2d 1073, 1076-77 (8th Cir. 1974). Because "traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a

set of rigid rules." *Hilton*, 481 U.S. at 777. However, the first two factors are considered to be the "most critical." *Nken*, 556 U.S. at 434.

"A stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant.'" *Id.* at 427 (internal citations omitted). A stay is "an exercise of judicial discretion," and the applicant "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34. "Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied." 11 Charles Alan Wright, *Federal Practice and Procedure* § 2904, at 503-05 (2d ed. 1995).

### B. Analysis

The District faces a very steep burden of proof here, and the Court finds that it has not met that burden. The District fails to show that it has a strong likelihood of success on the merits, in part because the merits are governed by a deferential abuse of discretion standard. Though there is some risk of irreparable injury, the Court gives that factor less weight because the magnitude of the harm is relatively low. The two remaining factors weigh against granting a stay.

#### 1. Likelihood of Success on the Merits

To evaluate the District's likelihood of success on the merits, the Court must consider whether the District has made a strong showing that the ALJ abused his discretion by denying an extension and dismissing the complaint with prejudice. The

District's request to extend the 45-day hearing timeline was committed to the ALJ's discretion. See 34 C.F.R. § 300.515(c) ("A hearing or reviewing officer *may* grant specific extensions of time beyond the periods set out in paragraphs (a) and (b) of this section at the request of either party." (emphasis added)); *see also* Minn. Stat. § 125A.091, subd.18(b)(7). A court's decision to dismiss a claim with prejudice under Minn. R. Civ. P. 41.01(b) is also reviewed for abuse of discretion. *Kelbro Co. v. Vinny's on the River, LLC*, 893 N.W.2d 390, 398 (Minn. Ct. App. 2017); *Brazinsky v. Brazinsky*, 610 N.W.2d 707, 712 (Minn. Ct. App. 2000). Further, Minnesota regulations instruct the ALJ to "establish the management, control, and location of the hearing to ensure its fair, efficient, and effective disposition." Minn. R. 3525.4110, subp. 2.A. To that end, the ALJ is empowered to "take any actions necessary to ensure the compliance with all requirements of law." *Id.* at subp. 3.

### a. Good Cause for Extension of Timeline

The District argues that the ALJ abused his discretion by denying the District's request for an extension of the 45-day hearing timeline despite the District's good cause. (Pl.'s Mem., at 22-27.) The District cites Minnesota Statutes § 125A.091, subd. 18(c), which states that good cause for an extension of the hearing timeline "includes, *but is not limited to*, the time required for mediation or other settlement discussions, independent educational evaluation, complexity and volume of issues, or finding or changing counsel." (Emphasis added.) The District argues that this open-ended list "empowers special education hearing officers to find the existence of good cause for other reasons, including scheduling conflicts." (*Id.*)

9

But the mere fact that the ALJ could have considered the District's scheduling conflicts to be good cause for an extension of the hearing timeline does not mean that the ALJ abused his discretion by declining to do so. Scheduling conflicts do not necessarily qualify as good cause for extension of a deadline; judges expect attorneys to be able to work around scheduling difficulties, or to delegate matters to other counsel, so that litigation can proceed uninhibited. *See, e.g.*, *United States v. Magana-Ayala*, 156 F. App'x 923, 925 (9th Cir. Dec. 5, 2005); *Ortiz v. Donatelle Assocs., LLC*, No. 06-cv-4825, 2008 WL 169810, at *2 (D. Minn. Jan. 16, 2008) (affirming magistrate judge's denial of motion to stay discovery). The ALJ correctly observed that the District was aware of the 45-day timeline when it filed the due process hearing complaint, and that the District's two due process hearings did not actually overlap. In light of the ALJ's obligation to ensure the timely resolution of due process hearings, the District has not established a strong likelihood of success on the merits for this issue.

### b.     Voluntary Dismissal Under Minn. R. Civ. P. 41.01(a)

The District also argues that the ALJ misapplied Minnesota Rule of Civil Procedure 41.01 by holding that the District could not dismiss the case without prejudice under Rule 41.01(a). (Pl.'s Mem., at 19-21.) The Rule states,

> an action may be dismissed by the plaintiff without order of court (1) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (2) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Minn. R. Civ. P. 41.01(a). Parents did not stipulate to a voluntary dismissal, so the District's right to voluntary dismissal depends on whether Parents served "an answer."

10

*Id.* Black's Law Dictionary defines "answer" as "A defendant's first pleading that addresses the merits of the case" and that usually "sets forth the defendant's defenses and counterclaims." *Answer*, *Black's Law Dictionary* (10th ed. 2014). Regulations under the IDEA specify that "the party receiving a due process complaint must, within 10 days of receiving the due process complaint, send to the other party a response that specifically addresses the issues raised in the due process complaint." 34 C.F.R. § 300.508(f).

The District argues that Parents' "Complaint and Request for Hearing III" was not a response to its due process complaint because it did not specifically address the issues raised in the complaint, was not "styled" as a response, and lacked any counterclaim. (Pl.'s Mem., at 20-21.) The District also argues that the ALJ's refusal to consolidate Parents' requested due process hearing with its own demonstrates that Parents' request for that hearing was not a response. (*Id.* at 21.)

The Court agrees with the ALJ that Parents had answered the District's due process complaint when the District attempted to invoke Minn. R. Civ. P. 41.01(a). Parents' counsel explicitly informed the District's counsel that the "Complaint and Request for Hearing III" constituted Parents' response to the District's due process complaint. (Goetz Aff., Sealed Ex. D (3/20/18 Email).) The "Complaint and Request for Hearing III," while it also states a claim that the District has failed to provide C.L. with a free appropriate public education ("FAPE"), does allege that the District had promised to fund an IEE and that C.L. is entitled to such an IEE as a matter of law. (Martin Decl., Sealed Ex. 6 (Parents' Complaint and Request for Hearing, at 2, 3).) It identifies as an issue for hearing the question of "[w]hether the Districts have provided [C.L.] with adequate

11

identification of his disabilities and educational needs." (*Id.* at 3.) It also seeks an IEE at public expense as a remedy. (*Id.* at 4.) These statements go to the issues raised in the District's due process complaint.

The ALJ denied the request to consolidate the parties' due process hearings because Parents requested a hearing to determine whether C.L. had been denied a FAPE, an issue "distinct" from whether the District must provide an IEE at public expense. (Compl., Ex. 1 (Order of Dismissal, at 4).) But Parents' counsel was clear that the filing was not just a request for a hearing, but also Parents' response to the District's complaint. (Goetz Aff., Sealed Ex. D (3/20/18 Email).) While the District may be unsatisfied with Parents' response to its due process complaint, that does not change the fact that a response was filed, removing its right to voluntary dismissal under Minn. R. Civ. P. 41.01(a).

### c.   **Dismissal with Prejudice Under Minn. R. Civ. P. 41.01(b)**

Because voluntary dismissal under Rule 41.01(a) was unavailable, the ALJ construed the District's Notice of Voluntary Dismissal as a request for dismissal without prejudice under Minn. R. Civ. P. 41.01(b). (Compl., Ex. 1 (Order of Dismissal, at 5).) Rule 41.01(b) permits dismissal at the plaintiff's instance "upon order of the court and upon such terms and conditions as the court deems proper." The ALJ determined that the District's pursuit of dismissal without prejudice after the ALJ's finding that there was no good cause for extension was an attempt "to cause unnecessary delay." (*Id.*) The ALJ held that "in order to ensure compliance with 34 C.F.R. § 300.502(b), the School District's request for dismissal is granted with prejudice, and an IEE must be timely provided at public expense." (*Id.* at 6.)

The District argues that the ALJ's application of Rule 41.01(b) was an abuse of discretion for several reasons. First, the District claims that the ALJ failed to consider the factors identified by the Minnesota Court of Appeals in *Altimus v. Hyundai Motor Co.*, 578 N.W.2d 409 (Minn. Ct. App. 1998). (Pl.'s Mem., at 22.) In *Altimus*, the Minnesota Court of Appeals noted that courts applying the parallel federal rule had considered "(1) the defendant's effort and the expense of trial preparation; (2) the plaintiff's excessive delay and lack of diligence; (3) insufficient explanation of plaintiff's need for dismissal; and (4) whether defendant moved for summary judgment." 578 N.W.2d at 411 (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)). But the court described the consideration of these factors as permissive, with no one factor being dispositive. *Id.* ("Although courts may consider the existence of a pending summary judgment motion, this factor 'is not by itself dispositive.'" (internal citation omitted)). Further, the ALJ fully explained his reasoning for dismissing the complaint with prejudice, which took into account "the plaintiff's excessive delay and lack of diligence" as well as the "insufficient explanation of plaintiff's need for dismissal." *Id.*

The District argues that its explanation of the need for dismissal was sufficient because it had good cause for an extension of the timeline, and the ALJ had improperly ignored that good cause. (Pl.'s Mem., at 23.) The Court has already rejected this argument. *See supra* Part II.B.1.a.

The District asserts that dismissal with prejudice is an unduly harsh sanction that was not warranted by the circumstances. (Pl.'s Mem., at 28.) Indeed, the Eighth Circuit has stated that "[c]ases should be dismissed with prejudice only where the plaintiff has

13

intentionally delayed the action . . . or where the plaintiff has consistently and willfully failed to prosecute his claim." *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1998) (citations omitted). But here, the ALJ explicitly found that the District was "attempting to cause unnecessary delay in either proceeding to hearing or in providing the IEE at public expense." (Compl., Ex. 1 (Order of Dismissal, at 5).) That, in light of the time-sensitive nature of proceedings under the IDEA, can justify the harsh result of a dismissal with prejudice. *Cf. Pajaro Valley Unified Sch. Dist. v. J.S.*, No. 06-cv-380, 2006 WL 3734289 (N.D. Cal. Dec. 15, 2006) ("The IDEA's procedural safeguards are considered so important that violations of those safeguards may warrant relief under the Act.").

Finally, the District claims that it did not cause unnecessary delay before or during the due process hearing proceedings. (Pl.'s Mem., at 24-27.) The District asserts that "unnecessary delay" must be determined by considering the "'substantive events that occurred within the relevant time,'" and that the District did not unnecessarily delay when it waited six weeks to file its due process complaint because it was attempting to resolve the disagreement outside of litigation. (*Id.* at 25 (quoting *L.S. ex rel. K.S. v. Abington Sch. Dist.*, No. 06-cv-5172, 2007 WL 2851268, at *9 (E.D. Pa. Sept. 28, 2007).)

The Court is not persuaded. First, there is little evidence that the District made any real effort to resolve the IEE request outside of litigation. Instead, the District simply stated its intention to file a due process complaint if Parents did not "promptly" withdraw the IEE request. (Martin Decl., Ex. 2 (2/28/18 Email, at 3 ("The School District believes there is no merit whatsoever to the IEE request. Unless the request is promptly withdrawn,

14

we intend to initiate due process proceedings.")).) And further, it was not only the six-week delay that the ALJ considered to be problematic, but also the impending delay from the District's stated plan to refile the due process complaint at a later date. (Compl., Ex. 1 (Order of Dismissal, at 4-5).) This delay, as the ALJ had already found, lacked good cause. The ALJ was reasonably concerned with moving the process forward rather than permitting the District to withdraw its complaint without prejudice "when Parents are waiting for a response to their request." (*Id.* at 5.) The ALJ's dismissal was not so clearly an abuse of discretion as to allow the District to meet its requisite strong showing of likely success on the merits. This factor of the traditional stay analysis weighs against a stay.

### 2. Threat of Irreparable Harm to Plaintiff

The District argues that it will be irreparably harmed by enforcement of the ALJ's decision, because it expects the IEE to cost at least $20,000, and the payment may not be recoverable even if the District prevails in this case. (Pl.'s Mem., at 14-17.)

Several courts have noted that school districts may not have a remedy for payments improperly made for students under the IDEA. *See Jenkins v. Squillacote*, 935 F.2d 303, 307 n. 3 (D.C. Cir. 1991); *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 800 (1st Cir. 1984); *Millburn Township Bd. of Educ. v. M.P.*, No. 15-cv-5284, 2016 WL 311260, at *7 (D. N.J. Jan. 26, 2016); *District of Columbia v. Masucci*, 13 F. Supp. 3d 33, 41 (D.D.C. 2014). Monetary loss is not usually considered to be irreparable harm because it can be recovered, but the District may be unable to recover the cost of the IEE even if it prevails in this action. Thus, this factor will weigh in favor of a stay. It will not weigh strongly, however, because the cost of the IEE is not outrageous, especially in

comparison to other costs that school districts have been imposed upon to pay under the IDEA, *see Indep. Sch. Dist. No. 283 v. E.M.D.H.*, No. 18-cv-935, 2018 WL 1955109, at *3-4 (D. Minn. Apr. 25, 2018); *Dep't of Educ. v. C.B. ex rel. D.B.*, No. 11-cv-576, 2012 WL 220517, at *5 (D. Haw. Jan. 24, 2012), and the costs that the District has surely already incurred in the litigation of this action.

### 3. Likely Harm of Granting a Stay

The parties disagree as to whether C.L. is presently receiving a FAPE as required under the IDEA, so it is unsurprising that they also disagree as to whether C.L. will be harmed by a delay in the provision of an IEE at public expense. (*See* Pl.'s Mem, at 17, 27-28; Defs.' Mem., at 33.) The record contains little information about C.L.'s present circumstances, though the parties agree that he has returned to school. (Tr., at 16-17, 22.) The Court notes that, as Parents' FAPE-related due process hearing is pending, Parents have an interest in completing the IEE as soon as possible. (*Id.* at 24.) Further, Parents allege that C.L. has undiagnosed communication deficits, which may continue to be an obstacle to his education as long as they remain undiagnosed. (Defs.' Mem., at 1 n.1.) This favor weighs against a stay.

### 4. The Public Interest

The public has a strong interest in ensuring that all students with special needs receive the resources that are necessary for them to have an education. *See Tamalpais Union High Sch. v. D.W.*, No. 16-cv-4350, 2016 WL 5791259, at *11 (N.D. Cal. Oct. 4, 2016); *see also Petties v. District of Columbia*, 238 F. Supp. 2d 114, 125 (D.D.C. 2002). This interest must be weighed against the school's interest in maintaining sufficient

resources to serve all its students, which is also an important public interest. *See Indep. Sch. Dist. No. 283*, 2018 WL 1955109, at *4. But that interest is less significant where, as here, the cost to the school district is not extraordinary. This factor weighs against a stay.

## III. CONCLUSION

The District has failed to demonstrate a strong likelihood of success on the merits, and the overall weight of the stay factors weigh against granting a stay. Thus, the Court will deny the District's Preliminary Injunction Motion and the ALJ's order will remain in effect as the District's appeal with this Court proceeds.

## IV. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction Staying Enforcement of Administrative Decision [Doc. No. 5] is **DENIED.**

Dated:  May 7, 2018                                               s/Susan Richard Nelson
                                                                  SUSAN RICHARD NELSON
                                                                  United States District Judge